USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/18/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

BETSY SUE BAUM,

                      Plaintiff,

         -v-

CAROLYN W. COLVIN, *Acting Commissioner of
Social Security*,

                      Defendant.

------------------------------------------------------------X

13 Civ. 7525 (PAE) (SN)

OPINION & ORDER

**PAUL A. ENGELMAYER, District Judge:**

Plaintiff Betsy Sue Baum brings this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"), which denied Baum's application for disability insurance benefits ("DIB"). Both sides have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Before the Court is the January 15, 2016 Report and Recommendation of the Hon. Sarah Netburn, United States Magistrate Judge, recommending that the Court deny Baum's motion and grant the Commissioner's motion. Dkt. 18 (the "Report"). For the following reasons, the Court adopts the Report in full.

**I.    Background**[1]

Baum, now age 64, claims that he became disabled on July 7, 2010 due to multiple impairments, including back, neck, knee, and shoulder pain; radiculopathy in both legs; fibromyalgia; anxiety; pain associated with a dislocated collar bone; tendonitis in both hands;

---

[1] The Court's summary of the facts is drawn from the detailed account of the facts provided in the Report, to which neither party objects. The Court adopts in full the Report's recitation of the facts.

and osteoarthritis. She worked as a town clerk and typist from 1971 until 2010, but was not employed at the time of her hearing.

On February 9, 2011, Baum filed an application for DIB. After the Social Security Administration denied her application, she requested and was granted a hearing before an Administrative Law Judge ("ALJ"). On April 26, 2012, Baum was represented by counsel and testified at a hearing before ALJ Michael A. Rodriguez.

On June 8, 2012, the ALJ issued a decision concluding that Baum was not disabled within the meaning of the Social Security Act. The ALJ determined that while Baum has several severe impairments, she nonetheless retains a residual functional capacity that allows her to perform sedentary work and is capable of performing her past work as a typist. On September 5, 2013, the Appeals Council denied Baum's request for review of the ALJ's decision, making the ALJ's decision the Commissioner's final decision.

On October 24, 2013, Baum commenced this action. *See* Dkt. 1 ("Complaint"). On January 7, 2014, the Court referred this case to Magistrate Judge Michael H. Dolinger. Dkt. 6. On March 10, 2014, the Commissioner filed a certified copy of the administrative record. Dkt. 8 ("R."). On April 4, 2014, Baum filed a motion for judgment on the pleadings, seeking reversal of the Commissioner's decision, or alternatively remand for further hearing, Dkt. 10, along with a supporting memorandum of law, Dkt. 11 ("Baum Br."). On May 29, 2014, the Commissioner filed a cross-motion for judgment on the pleadings, Dkt. 15, and a supporting memorandum of law, Dkt. 16 ("Comm'r Br."). On October 9, 2015, the case was reassigned to Judge Netburn.

On January 15, 2015, Judge Netburn issued the Report, recommending that the Court deny Baum's motion and grant the Commissioner's cross-motion for judgment on the pleadings. Dkt. 18. The Report concluded that substantial evidence supported the ALJ's findings, Report at

27–31, and that other errors Baum argued had been made were, if anything, harmless, Report at 31–34.  The deadline for the parties to file objections to the Report was January 29, 2016.  *See* Report at 35 ("The parties shall have fourteen days from the service of this Report and Recommendation to file written objections . . . .").  To this date, no objections have been filed.

## II.     Discussion

"A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by 'substantial evidence' or if the decision is based on legal error."  *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citation omitted); *see also* 42 U.S.C. § 405(g).  "Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Burgess*, 537 F.3d at 127 (citation omitted).

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record."  *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Because neither Baum nor the Commissioner has submitted objections to the Report, review for clear error is appropriate.  Careful review of Judge Netburn's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety.  Because the Report explicitly states that "failure to file . . . timely objections will result

in a waiver of those objections for the purposes of appeal," Report at 35, the failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

## CONCLUSION

For the reasons articulated in the Report, the Court denies Baum's motion and grants the Commissioner's cross-motion. The Clerk of Court is directed to terminate the motions pending at docket numbers 10 and 15, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: February 18, 2016
       New York, New York